IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ROBERT W. ROBERTSON, JR.,
    *Pro se* Plaintiff,

v.                                                                 Civil No. 3:19cv798 (DJN)

U.S. BANK, N.A., *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Plaintiff Robert W. Robertson, Jr. ("Plaintiff"), proceeding *pro se*, brings this action against Defendants U.S. Bank, National Association ("U.S. Bank"), and Trustee Services of Virginia, LLC ("Trustee Services") (collectively, "Defendants"), seeking to enjoin or set aside the foreclosure sale of Plaintiff's home and requesting damages and costs. This matter comes before the Court on Defendants' Motions to Dismiss (ECF Nos. 5, 11), moving to dismiss the claims in Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 5, 11) and DISMISSES WITHOUT PREJUDICE all claims by Plaintiff against Defendants.[1]

## I.    BACKGROUND

In resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will accept Plaintiff's well-pleaded factual allegations as true, though the Court need not accept Plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

---

[1]    The Court already issued an Order (ECF No. 30) on December 30, 2019, granting Defendants' Motions to Dismiss. This Memorandum Opinion accompanies that Order.

Plaintiff now proceeds *pro se*, because an attorney drafted his Complaint, the Court need not construe the Complaint under less stringent standards. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotations and citations omitted)). Based on these principles, the Court accepts the following facts.

### A. Factual Background

On October 21, 1996, Plaintiff's grandmother conveyed a parcel of real property located at 1001 Magnolia Street, Petersburg, Virginia 23803 (the "Property") to herself and Plaintiff as joint tenants with a right of survivorship. (Compl. (ECF No. 1-3) ¶¶ 5-6.) Plaintiff's grandmother recorded the conveyance as a deed of gift with the clerk of the Circuit Court for the City of Petersburg. (Compl. ¶ 6.)

On October 14, 2008, Plaintiff's grandmother obtained a loan secured by the Property from Dover Mortgage Company in the amount of $68,867.00, which the parties executed with a note (the "Note"). (Compl. ¶¶ 7-8.) The Note is secured by a deed of trust (the "Deed of Trust") recorded with the clerk of the Circuit Court for the City of Petersburg. (Compl. ¶ 9.) Plaintiff and his grandmother are the named grantors and borrowers on the Deed of Trust. (Compl. ¶ 10.) By assignment of the Deed of Trust recorded on October 1, 2014, U.S. Bank became the successor in interest and servicer of the Note and the Deed of Trust. (Compl. ¶¶ 11-12.) Plaintiff's grandmother passed away on July 5, 2016, at which point Plaintiff became the sole owner of the Property and the sole borrower on the Note and the Deed of Trust. (Compl. ¶¶ 13-14.)

In 2017, Plaintiff fell behind on payments and, in January 2018, U.S. Bank offered Plaintiff the opportunity to assume the loan and gave him a loan modification, which Plaintiff

accepted in May 2018. (Compl. ¶¶ 15-17.) In the fall of 2018, Plaintiff again fell behind on payments due to loss of income. (Compl. ¶ 18.) Plaintiff obtained new employment in the spring of 2019, but U.S. Bank refused to accept payments on the Note. (Compl. ¶ 18.) In May 2019, U.S. Bank denied Plaintiff's request for a second loan modification. (Compl. ¶ 18.)

On May 8, 2019, U.S. Bank appointed Trustee Services as substitute trustee on the Deed of Trust, which the parties recorded in the Circuit Court for the City of Petersburg. (Compl. ¶ 19.) In August 2019, Trustee Services notified Plaintiff that the Property would be sold at foreclosure on September 23, 2019. (Compl. ¶ 20.)

### B. Plaintiff's Complaint

On September 19, 2019, Plaintiff filed a Complaint through counsel in the Circuit Court for the City of Petersburg. (ECF No. 1.) Based on the above facts, Plaintiff seeks to enjoin or set aside the foreclosure sale of his home for violations of federal regulations. (Compl. ¶¶ 35-51.) Specifically, in Count One,[2] Plaintiff alleges that Defendants violated the implied covenant of good faith and fair dealing in the Note and the Deed of Trust by accelerating the payments on the Note without holding a face-to-face meeting with Plaintiff as required by 24 C.F.R. § 203.604. (Compl. ¶¶ 36-38.)

In Count Two, Plaintiff alleges that Trustee Services breached its fiduciary duty to Plaintiff under the Deed of Trust by failing to properly verify that U.S. Bank had complied with federal regulations as incorporated by the Note and the Deed of Trust, including the requirement that U.S. Bank hold a face-to-face meeting with Plaintiff before accelerating payments. (Compl. ¶¶ 43-46.) Finally, in Count Three, Plaintiff seeks a declaratory judgment that the foreclosure

---

[2] Although Plaintiff's Complaint does not number the counts, the Court will refer to them by their sequential order.

sale is improper and either void or voidable. (Compl. ¶¶ 49-51.) In addition to declaratory relief, Plaintiff seeks injunctive relief, monetary damages and costs. (Compl. at 9-10.)

On October 25, 2019, Defendants removed Plaintiff's Complaint to the Alexandria Division. (Notice of Removal (ECF No. 1).) On October 28, 2019, the Clerk transferred the case to this Division pursuant to the Local Rules. On November 7, 2019, Plaintiff's counsel filed a motion to withdraw (ECF No. 8), which the Court granted on November 13, 2019 (ECF No. 14). Plaintiff has not obtained new counsel and now proceeds *pro se*.

### C. Defendants' Motions to Dismiss

On November 1, 2019, Trustee Services filed its Motion to Dismiss, moving to dismiss Plaintiff's claims against it, because: (1) the United States District Court for the Western District of Virginia has already found that the face-to-face meeting requirement under § 203.604 does not apply to U.S. Bank; and, (2) Plaintiff has already pleaded the same issues raised in his instant Complaint and those claims were settled and dismissed with prejudice.[3] (Mot. to Dismiss (ECF No. 5) at 1.)

On November 13, 2019, U.S. Bank filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss (ECF No. 11).) In support of its Motion, U.S. Bank argues that although the Note and the Deed of Trust incorporate § 203.604 as a condition precedent to any foreclosure sale, § 203.604 proves inapplicable, because the Property resides more than 200 miles from a U.S. Bank "branch office." (Mem. of L. in Supp. of U.S. Bank Nat'l Ass'n's Mot. to Dismiss ("U.S. Bank Mem.") (ECF No. 12) at 5.) U.S. Bank concedes that it operates a corporate trust office in Richmond, Virginia (the "Corporate Trust Office"), but

---

[3] Trustee Services later withdrew the second argument after learning additional facts. (Mem. in Supp. of Trustee Serv.'s Mot. to Dismiss ("Trustee's Mem.") (ECF No. 15).)

4

contends that such an office does not qualify as a mortgagee or servicer office under § 203.604, exempting U.S. Bank from the face-to-face meeting requirement. (U.S. Bank Mem. at 5-6.) U.S. Bank cites to the decision of the Western District of Virginia in *Stepp v. U.S. Bank Nat'l Ass'n*, 2018 WL 6625081 (W.D. Va. Dec. 18, 2018), *appeal filed*, No. 19-1067 (4th Cir. Jan. 16, 2019), in which United States District Judge Elizabeth K. Dillon found that the Corporate Trust Office does not constitute a "branch office" under § 203.604. (U.S. Bank Mem. at 6.) U.S. Bank further cites to the decision of Judge Richard S. Wallerstein in the Circuit Court for the County of Henrico, which likewise found, after a trial on the merits, that the Corporate Trust Office does not constitute a "branch office" under § 203.604. (U.S. Bank Mem. at 6-7 (citing *Bate v. U.S. Bank Nat'l Ass'n*, No. CL16-1399-00, at *4 (Va. Cir. Ct. Apr. 19, 2019)).) Because the Corporate Trust Office does not constitute a branch office under § 203.604 and U.S. Bank does not operate any other qualifying offices within 200 miles of the Property, U.S. Bank argues that § 203.604 does not preclude the foreclosure sale of the Property. (U.S. Bank Mem. at 7.) Because Plaintiff's claims rely on U.S. Bank's alleged violation of § 203.604, U.S. Bank argues that Plaintiff's claims must fail.[4] (U.S. Bank Mem. at 7.)

On December 16, 2019, Plaintiff filed a response to Defendants' Motions to Dismiss, arguing that U.S. Bank does operate a branch office within 200 miles of the Property and, therefore, § 203.604 applies to the Note and the Deed of Trust. (Pl.'s Opp. to Mot. to Dismiss ("Pl.'s Resp.") (ECF No. 24) at 2.) Plaintiff contends that third-party search engines list the Corporate Trust Office as a branch office that issues mortgages. (Pl.'s Resp. at 2 (citing Att. ("Pl.'s Att.") (ECF No. 24-1) at 1-2, 4).) Plaintiff further cites to search results from U.S. Bank's

---

[4] Trustee Services incorporated in full U.S. Bank's brief with respect to the face-to-face meeting requirement argument. (Trustee Mem. at 1.)

5

website showing that U.S. Bank has two mortgage loan officers operating out of Richmond, Virginia. (Pl.'s Resp. at 2 (citing Pl.'s Att. at 3).) And Plaintiff cites to results from a search for U.S. Bank loan officers in Virginia, which reveals officers located in Fairfax, McLean and Norfolk. (Pl.'s Resp. at 2-3 (citing Pl.'s Att. at 5-8).) Plaintiff avers that these results demonstrate that U.S. Bank operates at least one "branch office" within 200 miles of the Property and therefore had to make reasonable efforts to hold a face-to-face meeting with Plaintiff before accelerating the payments on the Note and commencing foreclosure. (Pl.'s Resp. at 3.) U.S. Bank replied to Plaintiff's arguments on December 23, 2019, (Reply Mem. of L. in Further Supp. of U.S. Bank Nat'l Ass'n's Mot. to Dismiss ("U.S. Bank Reply") (ECF No. 25)), rendering Defendants' Motions now ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court will accept a plaintiff's well-pleaded allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint or counterclaim

must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. And the facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

## III. ANALYSIS

Because Plaintiff's claims rely on the applicability of federal regulations to the foreclosure sale, the Court will analyze the plausibility of Plaintiff's claims under federal law. Relevant here, 24 C.F.R. § 203.604, which Defendants concede applies to the Note and the Deed of Trust, provides that "[t]he mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." § 203.604(b). Section 203.604 exempts mortgagees from this requirement if, among other things, "[t]he mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either." § 203.604(c)(2). Unless the 200-mile exemption applies to U.S. Bank, the face-to-face meeting required by § 203.604 constitutes a condition precedent to the foreclosure sale. *See Matthews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 202 (Va. 2012) (finding that language similar to that found in the instant Note and Deed of Trust incorporated § 203.604 as a condition precedent to acceleration and foreclosure). Because the parties all but concede that U.S. Bank, as the mortgagee and servicer of Plaintiff's mortgage

7

loan, does not reside within 200 miles of the Property, the Court will cabin its analysis to whether U.S. Bank operates a "branch office" within 200 miles of the Property.

To that end, in 2012, the Virginia Supreme Court in *Matthews* considered whether "branch office" under § 203.604 includes an office that originates mortgage loans but does not service them. 724 S.E.2d at 203. The Virginia Supreme Court considered a statement by the Department of Housing and Urban Development ("HUD") that the face-to-face meeting requirement applied only to mortgaged properties within a 200-mile radius of a "servicing office" and rejected such an interpretation as inconsistent with the unambiguous meaning of "branch office," which the Court defined as any office where a mortgagee transacts business or supplies services. *Id.* at 203-04. Given this broad definition, the Virginia Supreme Court found that the mortgagee's loan origination office constituted a "branch office" under § 203.604. *Id.* at 205.

Six years later, in 2018, the Western District of Virginia reconsidered the same issue and rejected the broad interpretation of "branch office" adopted by the Virginia Supreme Court in *Matthews*. *Stepp*, 2018 WL 6625081, at *7. The court in *Stepp* considered the exact office at issue in the instant suit — the Corporate Trust Office — finding that unlike the office at issue in *Matthews*, the Corporate Trust Office "does not offer any services related to mortgages and is not even open to the public." *Id.* The Court opined that it would "def[y] common sense" to include within the definition of "branch office" any office of a mortgagee, even if the office's "business is completely unrelated to mortgaging functions and also . . . provides no public access." *Id.* at *8. Instead, the Western District interpreted "branch office" to include only those offices "where some business *related to mortgages* is conducted." *Id.* (emphasis supplied). Because the Corporate Trust Office does not engage in any mortgage-related business, the Western District

found U.S. Bank exempt from the requirements of § 203.604 and, therefore, dismissed the plaintiff's breach-of-contract claim under Rule 12(b)(6). *Id.*

More recently, in April 2019, Judge Wallerstein of the Henrico County Circuit Court reached the same conclusion as the Western District after hearing testimony during trial. Based on the testimony provided, Judge Wallerstein found that the Corporate Trust Office does not conduct "any residential mortgage-related work," does not originate, service or underwrite HUD loans, and does not provide access to the public. *Bate*, No. CL16-1399-00, at *3. After analyzing the decisions in *Matthews* and *Stepp*, Judge Wallerstein agreed with the Western District that the Corporate Trust Office does not constitute a "branch office" under § 203.604, concluding that the Corporate Trust Office "has no nexus to any type of mortgage-related business." *Id.* at *3-4.

After reviewing these opinions, the Court agrees with the courts in *Stepp* and *Bate* and finds that "branch office" under § 203.604 includes only those offices of a mortgagee or servicer that conduct mortgage-related business. Indeed, if the Court adopted the broad definition of "branch office" enumerated in *Matthews*, the Court would render superfluous the 200-mile exception by binding mortgagees to the face-to-face meeting requirement even though their mortgage-related personnel reside far from a mortgaged property. Commonsense dictates that HUD would not include the 200-mile exception under § 203.604 if the exception would have little to no practical effect. Thus, to survive Defendants' Motions, Plaintiff must plausibly allege that U.S. Bank operates a branch conducting mortgage-related business within 200 miles of the Property. Plaintiff does not meet this burden.

For one, although Plaintiff cites to third-party search results listing the Corporate Trust Office as a branch of U.S. Bank, he does not allege these facts in his Complaint. *See Zachair,*

*Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (noting that plaintiffs are "bound by the allegations in [their] complaint and cannot, through use of motion briefs, amend the complaint" (citing *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994))). And, in any case, that third-party search engines list the Corporate Trust Office as a branch of U.S. Bank does not support the plausible inference that the Office conducts mortgage related services to render it a "branch office" under § 203.604. (Pl.'s Att. at 1-2, 4.) As discussed above, the Court must look to the types of business conducted at the Corporate Trust Office, which Plaintiff fails to allege includes mortgage-related services.

Neither do the Richmond-based mortgage officers listed by U.S. Bank on its website transform the Corporate Trust Office into a "branch office." The screenshot provided by Plaintiff demonstrates only that the listed officers serve parts of the Richmond metropolitan area on behalf of U.S. Bank; it does not affirm that the officers work out of the Corporate Trust Office or any office of U.S. Bank. (Pl.'s Att. at 3.) Accordingly, Plaintiff fails to plausibly allege that the Corporate Trust Office constitutes a "branch office" under § 203.604.

Plaintiff likewise fails to plausibly allege that U.S. Bank operates another "branch office" within 200 miles of the Property. Although Plaintiff cites to search results showing U.S. Bank-affiliated loan officers in Fairfax, McClean and Norfolk, Plaintiff's Complaint includes no allegations that U.S. Bank operates an office in those locations. (Pl.'s Att. at 6-8.) Indeed, the Complaint references only the Corporate Trust Office to allege that U.S. Bank "has not been exempted from the face-to-face requirement of the FHA regulation." (Compl. ¶¶ 28-30.) As mentioned, an attorney drafted Plaintiff's Complaint and therefore the Court will not liberally construe that pleading. With only internet screenshots attached to Plaintiff's Response evidencing the existence of other U.S. Bank offices in Virginia and no allegations in the

Complaint to the same effect, the Court finds the screenshots unavailing, especially considering that other courts have considered the same question and found the Corporate Trust Office to be the only U.S. Bank office in Virginia.[5]

Because Plaintiff fails to allege sufficient facts to support the conclusion that U.S. Bank operates a "branch office" within 200 miles of the Property, the 200-mile exception under 24 C.F.R. § 203.604 exempts U.S. Bank from the face-to-face meeting requirement and Plaintiff's claims based on U.S. Bank's alleged violation of § 203.604 must fail.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 5, 11) and DISMISSES WITHOUT PREJUDICE all claims by Plaintiff against Defendants.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record and *pro se* Plaintiff at his address of record. The Clerk shall certify on the docket when this Memorandum Opinion has been mailed.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: January 2, 2020

---

[5] Similarly, these courts found that the Corporate Trust Office does not constitute a "branch office" for purposes of 24 U.S.C. § 203.604. Although the Court decides the instant motions based on the facts alleged in Plaintiff's Complaint, the findings by these courts make it doubtful that Plaintiff could amend his Complaint in good faith to include facts sufficient to allege that the Corporate Trust Office constitutes a "branch office."

11